USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

   -against-

LUIS OMAR VARGAS,

              Defendant.

------------------------------------------------------------x

18 Cr. 76 (PAC)

OPINION AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Under a three-count indictment, defendant Luis Omar Vargas (Vargas or "Defendant") is charged with: (i) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1347; (ii) health care fraud in violation of 18 U.S.C. § 1347 and 2; and (iii) conspiracy to violate the Anti-Kickback statute in violation of 42 U.S.C. § 1320a-7(b)(2). Both parties submit motions *in limine* in advance of trial scheduled to begin November 26, 2018. For the reasons that follow, the Government's motions, filed on November 8, 2018 and November 16, 2018, are GRANTED in part and DENIED in part. Defendant's motion is DENIED.

**I.    Background**

This case arises from an alleged fraud scheme uncovered at the Dental Express Broadway, P.C. ("Dental Express") located in the vicinity of West 161st Street, Manhattan, New York. Dental Express is alleged to have recruited patients on Medicaid and paid them $25 to undergo minimal dental procedures, which it then billed to Medicaid, along with additional services not provided. Vargas' alleged role in the scheme, as an employee of his co-defendant Mehmet Dikengil, was to provide dental services and submit false claims to Medicaid for reimbursement. Since Medicaid only accepts claims from licensed dentists, and Vargas is not licensed in the United States, Vargas

1

allegedly submitted claims under Dikengil's name, adding to the fraud. This scheme allegedly occurred from at least 2014 through November 2017 and resulted in fraudulent claims amounting to over one million dollars.

## II. Government's Motions *in Limine*

The Government moves *in limine* to admit or preclude certain evidence at trial, as described below:

1) The admission of evidence that Defendant performed unlicensed dental work at his home;

2) The admission of certain portions of Defendants' post-arrest statement and the preclusion of other portions;

3) The preclusion of cross examination of the Government's cooperating witnesses about prior drug use;

4) The preclusion of cross examination of the Government's confidential sources about unrelated undercover operations;

5) The preclusion of cross examination into one of the Government's cooperating witness's: (i) involvement in domestic violence incidents with her ex-husband; (ii) extra-marital affair; (iii) attempted suicide; (iv) diagnosis of depression and anxiety and use of prescription medication for treatment; (v) rejection of Defendant's amorous overtures; and (vi) intimate encounter with Defendant, alleged to be nonconsensual;

6) The preclusion of testimony about Defendant's personal circumstances or potential consequences that may arise from Defendant's conviction; and

7) The preclusion of evidence that Defendant was a licensed dentist in Peru.

The motion is DENIED in part and GRANTED in part.

### (1) Evidence of Defendant's Unlicensed Dental Work Practice

Defendant opposes this request and seeks to prevent the admission of evidence of Defendant's alleged unlicensed home practice of dentistry because it is not relevant, "tends to

2

confuse the issues, and risks giving rise to a prohibited character inference." Defendant's Motion, Dkt. 57, at 1; Fed. R. Evid. 401; 402; 403. Defendant is willing to concede "he engaged in some dental work that he was not licensed to do," and argues this concession is enough; further evidence on this issue "is substantially outweighed by prejudice and overshadowed by [the] concession." Defendant's Opposition to Government's Motion, Dkt. 63 ("Def. Opp.") at 9. These arguments are rejected.

The Government intends to introduce photos of a dental chair and other dental equipment found in Defendant's residence, Defendant's statements admitting that he treats patients, without a dental license, in his home and accepts cash payments, and evidence that Vargas treated one of his co-defendants at his home. This constitutes evidence of Defendant's intent, knowledge, motive and absence of mistake or accident and his relationship of trust with a co-defendant, all of which relate to his health care fraud and conspiracy charges, and which the Defendants' concession alone will not provide. *See* Fed. R. Evid. 404(b)(2). That Defendant accepted cash payments only in his house demonstrates knowledge that he could not bill for services under his own name at Dental Express. Further, the prejudicial effect of this evidence does not outweigh its probative value; it is no more "sensational or disturbing than the crimes with which [Defendant is] charged." *U.S. v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (citation and internal quotation marks omitted).

Defendant's concern about jury confusion can also be remedied by a limiting instruction. *United States v. Riccardi*, 620 F. App'x 11, 15 (2d Cir. 2015). If Defendant disagrees with the proposed instruction provided by the Government, (Dkt. 64 at 46-47), he is invited to submit alternative language for the Court's consideration.

Accordingly, the motion is GRANTED.

## (2) Relevant Portions of Defendant's Post-Arrest Statements

The Government seeks to admit portions of Defendant's post-arrest statement while precluding other statements. Specifically, the Government seeks to admit Defendant's statements about his prior work experience, his practicing dentistry without a license in his home and at Dental Express, and his awareness about the office's kickback payments to patients and its use of patient recruiters. The Government seeks to preclude Defendant's statements that he never paid patients, and that his boss was always present when he filled out medical charts.

The Defendant's prior statements are admissible when offered by the Government pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence, but the additional statements are not precluded. If the jury is only permitted to hear some of the Defendants' post-arrest statements, they may assume no other statements were made. Since the statements the Government seeks precluded will likely form part of Defendants' defense at trial, their omission could lead the jury to conclude they are a recent fabrication, inaccurately undercutting his credibility. Admitting the Defendants' entire statement is necessary under Federal Rule of Evidence 106 to "avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (citation and internal quotation marks omitted).

Accordingly, the motion is GRANTED in part and DENIED in part.

## (3) Cross Examination into Cooperating Witnesses' Prior Drug Use

The Government seeks to preclude cross-examination into the prior drug use of two of its cooperating witnesses. Cooperating Witness 1 ("CW-1") is a former employee of the clinic who will testify about the clinic's fraudulent practices and Defendant's knowledge of the fraud. Cooperating Witness 2 ("CW-2") is a former Dental Express recruiter who will testify about the

4

office's recruiting practices and Defendant's knowledge of them. According to the Government, CW-1 has used synthetic marijuana on two or three occasions and CW-2 started using cocaine in 2012, and currently uses cocaine on a monthly basis. The Government says neither cooperating witness ever used drugs with the Defendant or while working at Dental Express.

The Government argues that this evidence has no probative value and "is particularly likely to serve only to harass or embarrass," warranting preclusion under Federal Rule of Evidence 403. Government's Motion, Dkt 56 ("Gov. Mo.") at 12. This argument is rejected as preemptive. While CW-1 and CW-2's prior drug use may be unrelated to their credibility as witnesses, the Court cannot conclude that at this time. If Defendant has a good faith basis for believing that either CW-1 or CW-2 used drugs while working, or that they lied about their drug use to the Government, such conduct would be highly relevant; it speaks directly to their credibility as witnesses and the reliability of the observations they made while working at Dental Express. Fed. R. Evid. 608(b)(1). Of course, if Defendant seeks to introduce this evidence for a different, improper purpose at trial, nothing in this order prevents the Government from reasserting its objection at that time.

Accordingly, the motion is DENIED.

### (4) Cross Examination of Confidential Sources into Unrelated Undercover Operations

The Government intends to introduce testimony from two private citizens ("UC-1" and "UC-2") and a law enforcement officer ("UC-3") who posed as patients at Dental Express and recorded conversations with Vargas. The Government seeks to preclude cross-examination into the UCs' undercover work in other operations and into the name and identity of UC-1 to protect their identities and the integrity of ongoing operations. The Court agrees that other than *Giglio*

5

material, information about the UCs' unrelated undercover work and identities is not relevant, risks harm to ongoing investigations, and is not admissible.

Accordingly, the motion is GRANTED.

### (5) Cross Examination into a Cooperating Witness' Marriage and Domestic Violence Incidents, Mental Health Issues, and Relationship with Defendant

The government seeks to preclude cross-examination of CW-1 into these subjects because "[n]one of the subjects have any bearing on CW-1's character for truthfulness, and are entirely unrelated to the instant case." Government's Supplemental Motion, Dkt. 68 ("Gov. Supp. Mo.") at 4. The Court agrees that evidence about CW-1's relationship with her ex-husband, including incidents of domestic violence and her extra-marital affair, is irrelevant and inadmissible; but the Government's arguments regarding CW-1's mental health, suicide attempt and relationship with Defendant are rejected.

CW-1's suicide attempt, mental health history, and her relationship with Defendant are relevant to her potential bias and motive for testifying at trial. It bears directly on her "character for truthfulness or untruthfulness," Fed. R. Evid. 608(b)(1), implicating the Defendant's Sixth Amendment right to "confront the witnesses against him." *Fuentes v. Griffin*, 829 F.3d 233, 247 (2d Cir. 2016).

Accordingly, this motion is GRANTED in part and DENIED in part.

### (6) Testimony About Defendant's Personal Circumstances or Potential Consequences of Conviction

The Government seeks to bar testimony from the Defendant about his personal circumstances, including his family or legal status, and any potential consequences, including deportation, which could result from his conviction. Defendant does not object to this motion but reserves the right to present character witnesses and "if relevant to the facts in issue after

6

hearing the government's case, present information about the defendant's family, work background, and other personal matters." Def. Opp. at 11. The Court agrees that testimony regarding the immigration consequences of Defendant's conviction is inadmissible, *see Shannon v. United States*, 512 U.S. 573, 579 (1994), but will not bar Defendant from presenting character witnesses or testimony about his personal circumstances to the extent they rebut facts brought into issue in the Government's case in chief. *See* Fed. R. Evid. 404(a)(2).

Accordingly, the motion is GRANTED in part and DENIED in part.

### (7) Evidence that Defendant is Licensed to Practice Dentistry in Peru

The Government objects to the admission of evidence that Defendant was a licensed and trained dentist in Peru because "there is no evidence supporting this assertion aside from the defendant's own out-of-court statements." Gov. Supp. Mo. at 5. The Defendant has since provided documentation of his training and license to practice dentistry, so this issue is moot.

Accordingly, the motion is DENIED.

### III. Defendant's Motion *in Limine*

Defendant requests the preclusion of evidence that Defendant engaged in the unlicensed practice of dentistry outside of his work at Dental Express. For the same reasons provided under the Government's motion #1, Defendant's motion is DENIED.

Dated: New York, New York
November 21, 2018

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge